PER CURIAM.
Defendant employer filed a motion to require plaintiff, a workmen’s compensation claimant, to submit to a medical examination by a specified doctor. Plaintiff, who was being treated by a doctor of his choosing, agreed to the examination, but objected to the particular doctor on the basis that this was a “defendant’s doctor”. The trial court declined to order the examination, indicating it would appoint a doctor to perform the examination if the parties could not agree.
R.S. 23:1121 obliges an employee seeking compensation to submit himself to a reasonable medical examination by a doctor “provided and paid for by the employer, as soon after the accident as demanded”. We interpret the statute to grant the employer, who has the statutory right to “demand” an examination of the employee by a doctor “provided and paid for by the employer”, the right to select the doctor he provides and pays for.
Conceivably, exceptional circumstances may be shown to warrant an excep *276 tion to this rule. However, the fact that a defendant selects a physician regarded by some as conservative or defense oriented is not a proper basis for denying the requested examination.[1]
Accordingly, it is ordered that the trial court set aside its judgment denying the motion to require a medical examination and enter a judgment granting the motion.

WRIT GRANTED, MEDICAL EXAMINATION ORDERED.

. If a conflict in medical evidence develops, the court, on application of either party (or presumably on its own motion under the proper circumstances), can order an examination by a physician appointed by the court,